UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIM VASQUEZ,

                Plaintiff,

        v.

HAVERSTRAW POLICE OFFICER(S) GARRY LAZAR; KEITH ROSARIO; EDWARD MCMANUS; and MICHAEL CANAVAN, all in their individual capacities,

                Defendants.

No. 15-CV-8845 (KMK)

<u>OPINION & ORDER</u>

<u>Appearances</u>:

Kim Vasquez
51 New Hempstead Road
New City, NY
*Pro Se Plaintiff*

Kenneth E. Pitcoff, Esq.
Morris Duffy Alonso & Faley
New York, NY
*Counsel for Defendants*

KENNETH M. KARAS, District Judge:

    Kim Vasquez ("Plaintiff") brings this Section 1983 Action against Defendants Haverstraw Police Officers Garry Lazar ("Lazar"), Keith Rosario ("Rosario"), Edward McManus ("McManus"), and Michael Canavan ("Canavan") (collectively, "Defendants"), alleging violations of his constitutional rights. (*See generally* Second Am. Compl. ("SAC") (Dkt. No. 72).) Defendants have moved to dismiss Plaintiff's Second Amended Complaint on the grounds that Plaintiff's claims are barred by the statute of limitations. (*See* Not. of Mot. (Dkt. No. 86); Defs.' Mem. of Law in Supp. of Mot. ("Defs.' Mem.") 1 (Dkt. No. 87).) For the reasons to follow, Defendants' Motion To Dismiss is granted.

## I. Background

### A. Factual Background

The following facts are taken from Plaintiff's Second Amended Complaint and are accepted as true for the purpose of resolving the Motion.

Plaintiff alleges that at around 10:15 P.M. on an unspecified date in January 2015, he was sitting in the front passenger seat of a friend's parked car at 60 Broad Street in Haverstraw, New York, when a Haverstraw Police Officer approached Plaintiff's car door with a gun drawn and pointed at Plaintiff. (*See* SAC ¶¶ 1–2.) Plaintiff contends that he "put his hands in the air," at which point the police officer "opened the door[] and pulled . . . Plaintiff out of the car by his arm, onto the concrete ground." (*Id.* ¶ 3.) Plaintiff was ordered to lay face down and was handcuffed behind his back while "several officers aim[ed] weapons (pistols) at him," and one officer placed a knee on his back; he was also searched and the contents of his pockets were confiscated. (*Id.* ¶¶ 4, 8, 9.) Plaintiff was not carrying a weapon and alleges that no weapons were confiscated from his person, only personal belongings. (*Id.* ¶¶ 4, 6.) Plaintiff was placed in the back of a police vehicle and the car was searched "without consent or a warrant." (*Id.* ¶ 7.) Eventually, Plaintiff was removed from the police car, taken out of handcuffs, and informed he "could go now." (*Id.* ¶ 11.)

Plaintiff asserts that the search and use of force violated his rights under the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution. (*Id.* ¶ 16.) Plaintiff suffered bodily injuries as a result of "being pushed/thrown to the ground," and "injuries from the metal handcuffs," as well as emotional trauma. (*Id.* ¶¶ 17–19.) Plaintiff also asserts that these events exacerbated his existing health issues, including carpal tunnel syndrome and high blood pressure. (*Id.* ¶¶ 14–15.)

B. Procedural History

On November 10, 2015, Plaintiff filed his initial Complaint naming as Defendants "an undetermined amount" of John Doe Police Officers of the Haverstraw Police Department. (*See* Compl. (Dkt. No. 2).)[1] On December 10, 2015, this Court filed an Order of Service ("*Valentin* Order") which, inter alia, held that, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), Plaintiff's Complaint "supplie[d] sufficient information to permit the Town (or Village) of Haverstraw and its Police Department . . . to identify the members of the Haverstraw Police Department that took part in arresting Plaintiff." (Order of Service 2 (Dkt. No. 6).) The *Valentin* Order required that the Town provide the identities and addresses of the John Doe Defendants to Plaintiff and the Court within 60 days, and that Plaintiff amend his Complaint to reflect the newly identified individuals within 30 days of receipt of that information. (*See id.* at 3.)

On April 7, 2016, following Plaintiff's motion to enter a default judgment in his favor, which was denied, (*see* Dkt. No. 11), Defendants submitted a letter which identified Garry Lazar, Keith Rosario, and Edward McManus as "individuals with knowledge of the allegations set forth in Plaintiff's complaint." (Dkt. No. 12.) Defendants subsequently also identified Michael Canavan as an individual "with knowledge of the allegations set forth in Plaintiff's complaint." (Dkt. No. 16.)

In response to Plaintiff's assertion that Defendants had not adequately complied with the *Valentin* Order, (*see* Dkt. No. 17), the Court ordered on May 13, 2016 that Defendants explain "how they have complied with the *Valentin* Order issued by the Court." (Order 2 (Dkt. No. 18).) On May 26, 2016, Defendants filed a letter explaining that the officers identified were, to their

---

[1] Plaintiff's initial Complaint also named Rockland County Sheriff Louis Falco as a defendant. However, Plaintiff voluntarily withdrew the claims asserted against him. (*See* Dkt. Nos. 17–18.)

3

knowledge, the four John Does described in Plaintiff's Complaint. (*See* Dkt. No. 19.) Plaintiff filed two letters in response, dated June 1 and June 6, 2016, respectively, in which he again argued that Defendants did not provide the identities of the individuals who took part in Plaintiff's arrest. (*See* Dkt. Nos. 20–21.) On June 10, 2016, the Court memo endorsed one of Plaintiff's letters, stating that Defendants' May 26 letter complied with the Court's directives. (*See* Dkt. No. 23.) Also on June 10, 2016, Defendants filed a letter requesting that the Court hold a telephone conference to address the foregoing procedural issues. (*See* Dkt. No. 22.) On June 13, 2016, the Court issued a memo endorsement granting Defendants' request for a conference. (*See* Dkt. No. 24.) On June 30, 2016, the Court held the telephone conference and ordered Plaintiff to file an amended complaint by July 15, 2016. (*See* Dkt. (minute entry for June 30, 2016).)

On July 20, 2016, Defendants filed a letter noting Plaintiff's failure to comply with the Court's June 30 Order and requesting leave to file a premotion letter. (*See* Dkt. No. 25.) The Court's same-day memo endorsement granted Defendants' request. (*See* Dkt. No. 26.) On July 26, 2016, Defendants submitted a premotion letter explaining the grounds upon which their putative Motion To Dismiss would be based. (*See* Dkt. No. 27.) The following day, the Court granted Defendants permission to file the Motion. (*See* Dkt. No. 28.) On August 2, 2016, Plaintiff filed a letter that attached a proposed amended complaint and requested pro bono counsel. (*See* Dkt. No. 31.) Once again, the proposed amended complaint failed to identify the individuals against whom Plaintiff wished to proceed. (*See id.*) The Court subsequently responded with a memo endorsement on August 10, 2016, denying Plaintiff's request for pro bono counsel without prejudice. (*See* Dkt. No. 32.) On August 11, 2016, the Court issued an Order allowing Plaintiff 20 additional days to file a proper amended complaint identifying the

individuals against whom he wished to proceed, or risk facing dismissal of this Action. (*See* Order 2 (Dkt. No. 33).)

On August 22, 2016, Plaintiff submitted a letter in which he requested that the Pro Se Unit provide him with a list of capable pro bono attorneys. (*See* Dkt. No. 34.) On the following day, the Court issued a memo endorsement reiterating Defendants' sufficient compliance with their *Valentin* obligations and finding that neither the Pro Se Unit nor the Clerk of the Court was required to honor Plaintiff's request. (*See* Dkt. No. 35.) On September 1, 2016, Defendants submitted a letter noting Plaintiff's failure to comply with the August 11 Order. (*See* Dkt. No. 36.) On September 12, 2016, the Court issued a memo endorsement requiring that Plaintiff respond to Defendants' letter by September 26, 2016, or face possible dismissal of this Action. (*See* Dkt. No. 37.) On September 22, 2016, Plaintiff submitted a letter requesting a telephone conference to establish the roles of the individuals identified in the alleged incident and to provide additional information to help Plaintiff properly file his amended complaint. (*See* Dkt. No. 38.) On September 28, 2016, by which point Plaintiff had again failed to submit an amended complaint, the Court subsequently denied Plaintiff's request for a conference and gave Plaintiff "one last chance" to file his amended complaint by October 10, 2016. (*See* Dkt. No. 39.) The Court noted that the "identity of the unknown defendants can be addressed at an appropriate time." (*Id.*)

On October 11, 2016, Defendants submitted a letter advising the Court of Plaintiff's failure to comply with the September 28 Order. (*See* Dkt. No. 40.) However, the following day Plaintiff submitted his First Amended Complaint. (*See* First Am. Compl. ("FAC") (Dkt. No. 41).) The First Amended Complaint still failed to name any of the individual John Does. (*See id.*) On October 28, 2016, Defendants submitted a letter seeking leave to file a renewed Motion

To Dismiss, (*see* Dkt. No. 44), which the Court granted the same day, (*see* Dkt. No. 45). Pursuant to the Court's October 28 memo endorsement, Defendants were to file their Motion To Dismiss by November 30, 2016, Plaintiff was to respond by December 31, 2016, and Defendants were to reply by January 15, 2017. (*See id.*) Plaintiff was not to file any additional amended complaints without the Court's permission. (*See id.*) Accordingly, Defendants filed the Motion and accompanying papers on November 30, 2016. (*See* Dkt. Nos. 46–48.) Plaintiff filed opposition papers on December 9, 2016, (*see* Dkt. No. 49), and Defendants filed a reply on January 15, 2017, (*see* Dkt. No. 50).

On January 25, 2017, Plaintiff filed a letter again requesting that Defendants be ordered to provide the names of the police officers involved in the events giving rise to this Action. (*See* Dkt. No. 51.) Defendants filed a response reiterating their compliance with the Court's orders and arguing that Plaintiff was the one who failed to comply with the Court's orders. (*See* Dkt. No. 53.) Plaintiff filed two additional letters in an attempt to explain Defendants' failure to identify the names of the John Does. (*See* Dkt Nos. 54, 56.)

On September 26, 2017, the Court denied Defendants' request to dismiss Plaintiff's claims with prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute, and gave Plaintiff "one final opportunity to file an amended complaint specifically naming the individual defendants against whom he wishes to proceed so that those defendants can be served." (Op. & Order on Defs.' Mot. ("Opinion") 9 (Dkt. No. 58).) In the Opinion, the Court detailed the extensive procedural history in this years-old case, in which the Court found, *many* times, that Defendants complied with their obligations under *Valentin* by identifying the John Doe officers, but Plaintiff failed to file an amended complaint naming those Defendants as ordered. (*See id.* at 4–7; *see also* Dkt. Nos. 12, 16, 19, 23, 33, 35, 37, 39.) The Court dismissed

the Town of Haverstraw as a defendant because Plaintiff failed to satisfy the requirements for municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). (*Id.* at 13.) Finally, the Court dismissed Plaintiff's state law claims for failure to file a notice of claim. (*Id.* at 15.)

The Court's Opinion was mailed to Plaintiff but returned as undeliverable on October 24, 2017. (Dkt. (entry for Oct. 24, 2017).) On October 26, 2017, the Court issued an Order dismissing the case without prejudice for failure to prosecute, (Dkt. No. 59), which was also returned as undeliverable, (Dkt. (entry for Nov. 14, 2017)). However, on May 16, 2018, the Court re-opened this Action at Plaintiff's request, (Dkt. No. 60), giving Plaintiff 21 days—until June 6, 2018—to file an amended complaint remedying the deficiencies identified in the Court's opinion, (Dkt. No. 68). On May 25, 2018, Plaintiff sent a letter to the Court acknowledging receipt of the Court's May 16 Order but requesting that the Court order Defendants to identify the John Doe police officers and the specific roles they played in the events at issue and therefore extend the deadline to file an amended complaint until receipt of this information from Defendants. (Dkt. No. 69.) On May 31, 2018, the Court granted one final extension of time to file an amended complaint. (Order (Dkt. No. 70).) Plaintiff filed his Second Amended Complaint on June 18, 2018, naming Defendants individually. (*See* SAC.) Defendants were subsequently served. (*See* Dkt. Nos. 77–81.)

On November 16, 2018, Defendants filed the instant Motion To Dismiss. (Not. of Mot.; Defs.' Mem.) Plaintiff filed a response on December 19, 2018. (Pl.'s Mem. of Law in Opp'n to Mot. ("Pl.'s Mem.") (Dkt. No. 91).) Defendants did not file a reply.

II. Discussion

A. Standard of Review

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and quotation marks omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration and quotation marks omitted). Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his] claim[] across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (second alteration in original) (citation omitted) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hyper-technical, code-

pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), and "draw[] all reasonable inferences in favor of the plaintiff," *Daniel v. T&M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Additionally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (quotation marks omitted); *see also Wang v. Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (same).

Where, as here, a plaintiff proceeds pro se, the court must "construe[] [his] [complaint] liberally and interpret[] [it] to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (citation and quotation marks omitted). However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (citation and quotation marks omitted); *see also Caidor v. Onondaga Cty.*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (citation, italics and quotation marks omitted)).

Generally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the

complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (quotation marks omitted). However, when the complaint is drafted by a pro se plaintiff, the Court may consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (quotation marks omitted), including, "documents that a pro se litigant attaches to his opposition papers," *Agu v. Rhea*, No. 09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010) (italics omitted), statements by the plaintiff "submitted in response to [a] defendant's request for a pre-motion conference," *Jones v. Fed. Bureau of Prisons*, No. 11-CV-4733, 2013 WL 5300721, at *2 (E.D.N.Y. Sept. 19, 2013), and "documents either in [the] plaintiff['s] possession or of which [the] plaintiff[] had knowledge and relied on in bringing suit," C*hambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quotation marks omitted).

B.  Analysis

Defendants argue that Plaintiff's claims are time-barred under the three-year statute of limitations for claims brought pursuant to 42 U.S.C. § 1983. (Defs.' Mem. 3–7.)

1.  Applicable Law

For § 1983 actions, "the applicable limitations period is found in the general or residual state statute of limitations for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (alterations omitted) (quoting *Owens v. Okure*, 488 U.S. 235, 249–50 (1989)). Here, New York's three-year statute of limitations for personal injury actions applies. *Id.* (citing, inter alia, N.Y. C.P.L.R. § 214(5)); *see also Fairley v. Collins*, No. 09-CV-6894, 2011 WL 1002422, at *3 (S.D.N.Y. Mar. 15, 2011) (same). The question of when a § 1983 claim accrues

is a "question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). "[A]ccrual occurs when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Pearl*, 296 F.3d at 80 (citation and quotation marks omitted). Put differently, accrual occurs when the plaintiff has "a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (citations and quotation marks omitted).

Where, as here, a plaintiff filed his original complaint within the statute of limitations but named new or different defendants in an amended complaint after the limitations period had run, the claims are time barred unless they "relate back" under Federal Rule of Civil Procedure 15(c).

> [U]nder Rule 15(c)(1)(C), an amended complaint relates back to the original complaint if: (1) it "changes the party or the naming of the party against whom a claim is asserted"; (2) the claim or defense asserted by the amendment arises out of the same transaction as the original complaint; (3) the party added by the amendment "received such notice of the action that it will not be prejudiced in defending on the merits"; and (4) the added party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Furthermore, the third and fourth elements must be satisfied within the 120-day period of Rule 4(m) for serving a summons and complaint.

*Vasconcellos v. City of New York*, No. 12-CV-8445, 2014 WL 4961441, at *5 (S.D.N.Y. Oct. 2, 2014) (quoting Fed. R. Civ. P. 15(c)(1)(C)).

Additionally, under N.Y. C.P.L.R. § 1024, "[a] party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known." N.Y. C.P.L.R. § 1024 (McKinney). "If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly." *Id.* "New York courts have interpreted this section to permit John Doe substitutions *nunc pro tunc*." *Hogan v. Fischer*, 738 F.3d 509, 518–19 (2d Cir. 2013). However, in order to take advantage of § 1024 to allow substitution of a John Doe defendant

11

after the statute of limitations has run, "(1) there must not be prejudice to the newly-substituted defendant, and (2) the plaintiff must have been reasonably diligent in attempting to ascertain the identity of the unknown defendant prior to the expiration of the statute of limitations." *DaCosta v. City of New York*, 296 F. Supp. 3d 569, 584 (E.D.N.Y. 2017) (citing *Hogan*, 738 F.3d at 518–19).

2. Application

Plaintiff asserts that the events underlying this Action occurred in "the month of January 2015." (SAC ¶ 1.) Plaintiff's claim therefore accrued, at the latest, on January 31, 2015, the last day of that month. *See Cotto v. City of New York*, No. 15-CV-9123, 2017 WL 3476045, at *3 (S.D.N.Y. Aug. 11, 2017) (holding the plaintiffs' claims accrued on the date that the plaintiffs "allege their various federal constitutional violations . . . occurred"), *appeal dismissed* No. 17-2862, 2017 WL 6397761 (2d Cir. Dec. 11, 2017); *Fairley*, 2011 WL 1002422, at *3 ("[A]n excessive force claim accrues when the use of force occurred." (citation and quotation marks omitted)); *see also Mallard v. Potenza*, 376 F. App'x 132, 133 (2d Cir. 2010) (finding Fourth Amendment claims accrued at the time of "the seizures of the [items] at issue"). Thus, in order for Plaintiff's claims against Defendants to be timely, Plaintiff needed to name Defendants no later than January 31, 2018, unless Plaintiff's Second Amended Complaint relates back to his prior complaints.

Defendants argue that the Second Amended Complaint, which was not filed until June 18, 2018, does not relate back under Rule 15 because Plaintiff "failed to exercise due diligence to name the individual defendants within the statute of limitations" as required by § 1024. (Defs.' Mem. 4–5.) Defendants also argue that the claims cannot relate back because "the substitution of named defendants for John Doe defendants does not qualify as a 'mistake of identity'" within

12

the meaning of Rule 15(c)(1)(C). (*Id.* at 6.) Construing Plaintiff's submission liberally, Plaintiff argues that the Second Amended Complaint relates back because it relates to "the exact same event," and that Defendants were on notice of Plaintiff's attempts to bring suit against Defendants, and any failure to name Defendants individually was due to "miscommunications" with the Court. (Pl.'s Mem. 2–5.)

Defendants are correct that the Second Circuit's "interpretation of Rule 15(c)(1)(C) makes clear that the lack of knowledge of a John Doe defendant's name does not constitute a 'mistake of identity.'" *Hogan*, 738 F.3d at 518 (citation omitted). "[I]t is not enough under Rule 15 that a defendant knew 'that the action would have been brought against it.' Rather, the defendant must have known that the action would have been brought against him but for 'a *mistake* concerning the proper party's identity.'" *Vasconcellos*, 2014 WL 4961441, at *7. Courts routinely hold that failure to properly identify a John Doe defendant within the statute of limitations is not a "mistake" allowing relation back under Rule 15. *See Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995) (holding amended complaint did not relate back with respect to six defendants identified after the statute of limitations had run because the amendment "did not correct a mistake in the original complaint, but instead supplied information [the plaintiff] lacked at the outset"), *modified by* 74 F.3d 1366 (2d Cir. 1996); *Vasconcellos*, 2014 WL 4961441, at *7 (finding § 1983 claims time-barred where the plaintiff "knew who the proper defendants were" as they "were involved in the incident" underlying the complaint, but "did not . . . know their names," because the plaintiff "was ignorant, not mistaken"); *Nash*, 2013 WL 6197087, at *6 (holding deliberate indifference claims based on events alleged in the original complaint were "only timely . . . as to" the defendant named in the original complaint, and not those added in amended complaints after the limitations period had run); *cf. Ceara v.*

13

*Deacon*, 916 F.3d 208, 213–14 (2d Cir. 2019) (holding that the plaintiff made a mistake as to the proper party's identity under Rule 15(c)(1)(C), where, inter alia, he misspelled the defendant's name in the case caption and included specific identifying information, making it "implausible that DOCCS and [the defendant] did not know to whom [the plaintiff] was referring").

With respect to Plaintiff's argument that Defendants were nonetheless on notice of Plaintiff's claims and understood that he planned to amend, (*see* Pl.'s Mem. 2–3), courts in this circuit have held that "constructive notice may be imputed to a new defendant state entity through its attorney 'when the attorney also represented the officials originally sued, so long as there is some showing that the attorneys knew that the additional defendants would be added to the existing suit.'" *Maccharulo v. Gould*, 643 F. Supp. 2d 587, 594 (S.D.N.Y. 2009) (citation omitted); *see also Muhammad v. Pico*, 02-CV-1052, 2003 WL 21792158, at *20 (S.D.N.Y. Aug. 5, 2003) ("Under the constructive notice doctrine, the court can impute knowledge of a lawsuit to a new defendant government official through his attorney, when the attorney also represented the officials originally sued, so long as there is some showing that the attorneys knew that the additional defendants would be added to the existing suit.") (citation, alterations, and quotation marks omitted) (collecting cases)). However, this doctrine applies where a plaintiff is legally mistaken regarding the need to sue a particular defendant to recover, or to sue individual defendants rather than a municipality, rather than where a plaintiff is ignorant of the identity of the party he wishes to sue. *Compare Soto v. Brooklyn Corr. Facility*, 80 F.3d 34, 37 (2d Cir. 1996) (holding amended complaint related back because the plaintiff "did not know that he needed to name individual defendants, and his failure to do so, under the circumstances of this case, can be characterized as a 'mistake' for purposes of Rule 15(c)(3)"), *with Barrow*, 66 F.3d at 470 ("[T]he failure to identify individual defendants when the plaintiff knows that such

14

defendants must be named cannot be characterized as a mistake."); *cf. Rivers v. City of Rochester*, No. 06-CV-6391, 2010 WL 1408003, at *4 (W.D.N.Y. Mar. 30, 2010) ("Unlike *Soto*, this was not a case where a pro se plaintiff names only an institutional or governmental unit as a defendant and omits as defendants individuals responsible for the alleged constitutional deprivation. To the contrary, here [the] plaintiff's original complaint names both the City and individual "John Doe" defendants in each and every cause of action."); *Maccharulo*, 643 F. Supp. 2d at 595 (holding amendment adding government entities where original complaint named only individuals related back because "the Attorney General [was] on constructive notice that [the asserted claims] would be legally insufficient if asserted only against individual rather than entity defendants").

Finally, where, as here, a plaintiff has been specifically instructed by the court to file an amended complaint naming identified Doe defendants and the plaintiff fails to do so, courts hold that an untimely amendment does not relate back, regardless of whether the defendants were on notice of the potential suit. *Barrow*, 66 F.3d at 467 (holding amendment did not relate back where "the court instructed [the plaintiff] to add the individual police officers as defendants," but he failed to do so before the statute of limitations expired); *Lewis v. City of New York*, 689 F. Supp. 2d 417, 435 (E.D.N.Y. 2010) ("Rule 15(c) is inapplicable to a situation in which a plaintiff discovers the true identity of an individual against whom he has a cause of action prior to the passage of the statute of limitations, but nevertheless fails to amend the complaint to add that individual before expiration of the limitations period."); *Rainwater v. United States*, No. 08-CV-5115, 2010 WL 5248585, at *6 (S.D.N.Y. Dec. 15, 2010) (holding amended complaint did not relate back where the court had instructed the plaintiff that he must "ascertain[] the true identity of any 'John Doe' defendants and amend[] his complaint" accordingly, and the plaintiff

subsequently "amended his [c]omplaint three times but . . . failed to identify the unnamed defendants"); *Mills v. Fenger*, No. 98-CV-34, 2001 WL 135824, at *3 (W.D.N.Y. Feb. 15, 2001) (holding complaint did not relate back where the court "specifically instructed [the] plaintiff to identify the Doe defendants and to file a motion for leave to file an amended complaint to reflect such," because the plaintiff accordingly "knew that the Doe defendants had to be named[,] and failure to do so cannot be characterized as a mistake" (citing *Barrow*, 66 F.3d at 469)); *cf. Mosley v. Jablonsky*, 209 F.R.D. 48, 52 (E.D.N.Y. 2002) (holding amendment related back because the plaintiff "was not aware that he needed to list individuals in the caption of his complaint, nor that he needed to make certain allegations about municipal defendants"); *Gonzalez v. Officer in Charge of Barber Shop on Duty on May 13, 1999*, No. 99-CV-3455, 2000 WL 274184, at *4 (S.D.N.Y. Mar. 13, 2000) (noting that a mistake with respect to "the relation-back question in the pro se context" includes "the failure of a pro se plaintiff to amend 'John Doe' pleadings within the limitations period because of an inability to discover the officers' names, or simply because plaintiff did not know, *and was not instructed by the court*, that he needed to name the individual defendants" (italics omitted) (emphasis added)). Plaintiff's continued inclusion of John Does throughout his several pleadings, his ongoing correspondence with the Court regarding Defendants' compliance with *Valentin*, and the Court's repeated directives to Plaintiff that he must amend his Complaint naming the identified Defendants, demonstrate that he "knew how to properly identify individual defendants in a § 1983 action," and his failure to do so "arose from a lack of knowledge of . . . identity, not a mistake in identity, and is therefore a separate matter to which Rule 15(c) does not speak." *Lewis*, 689 F. Supp. 2d at 435 (italics omitted).

Finally, Plaintiff cannot invoke § 1024 because his failure to amend his complaint to name the individual Defendants once they were identified, despite being repeatedly instructed to do so, precludes Plaintiff from satisfying the due diligence requirement. *See Moran v. County of Suffolk*, No. 11-CV-3704, 2015 WL 1321685, at *8 (E.D.N.Y. Mar. 24, 2015) ("[The] [p]laintiff's inexplicable failure to amend the complaint—despite learning [the defendant's] identity shortly after filing the [c]omplaint—cannot satisfy the due diligence requirement of § 1024."); *Strada v. City of New York*, No. 11-CV-5735, 2014 WL 3490306, at *6 (E.D.N.Y. July 11, 2014) ("Plaintiff cannot rely on § 1024 to toll the statute of limitations since he learned the true identities of the John Doe defendants *prior* to the expiration of the statute of limitations. Section 1024 provides no recourse in such an instance."). Although Plaintiff argues that he was "not aware of the Order to Amend" until April 2018, Plaintiff was only plausibly ignorant of the Court's order to amend included in its Opinion dismissing Plaintiff's First Amended Complaint, which was mailed to Plaintiff but returned as undeliverable. (*See* Dkt. (entry for Oct. 24, 2017).) However, prior to that Opinion, the Court had already repeatedly directed Plaintiff to amend his Complaint naming the John Doe Defendants, (*see* Dkt. Nos. 12, 16, 19, 23, 33, 35, 37, 39), and Plaintiff filed the First Amended Complaint *after* receiving the Court's repeated instructions, but nonetheless failed to include the names of the identified officers as Defendants, (*see* FAC). Because Plaintiff was informed of Defendants' identity well before the statute of limitations ran and was repeatedly instructed to add them to his Complaint, his failure to do so "in a timely fashion renders the doctrine of 'relation back' unavailable." *Cruz v. City of New York*, No. 02-CV-8672, 2007 WL 1223225, at *3 (S.D.N.Y. Apr. 25, 2007).

Therefore, the Court finds Plaintiff's § 1983 claims against Defendants are time-barred, and must be dismissed.

## III. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss is granted. Plaintiff's claims are dismissed with prejudice because they are barred by the statute of limitations and further amendment would therefore be futile. *See Lastra v. Barnes & Noble Bookstore*, No. 11-CV-2173, 2012 WL 12876, at *9 (S.D.N.Y. Jan. 3, 2012) (stating that even pro se plaintiffs are not entitled to file an amended complaint if the complaint "contains substantive problems such that an amended pleading would be futile"), *aff'd*, 523 F. App'x 32 (2d Cir. 2013).

The Clerk of Court is respectfully directed to terminate the pending Motion, (*see* Dkt. No. 86), close this case, and mail a copy of this Opinion to Plaintiff.

SO ORDERED.

DATED: May 3, 2019
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE